# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE M. HORNOWSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 11 C 4580 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eugene M. Hornowski, a white male, has sued his former employer, the Illinois Department of Human Services (IDHS), under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2(a)(1)). Hornowski claims that the IDHS discriminated against him because of his race and gender. The IDHS has moved for summary judgment. For the reasons stated below, the Court grants the IDHS's motion.

## Background

On a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in that party's favor. *Townsend v. Cooper*, No. 12-3620, 2014 WL 3511731, at *5 (7th Cir. Jul. 17, 2014).

On May 1, 2007, Hornowski began working at the IDHS as a full-time Social Services Career Trainee (SSCT). At this time, the IDHS also hired two black women as SSCTs. Hornowski claims that the IDHS subjected him to conditions and rules different from those applied to his co-workers because he is a white man. He alleges that the

IDHS denied him certain training while providing it to the other SSCTs. He also that the IDHS ignored complaints he lodged about his co-workers while disciplining him for retaliatory complaints they lodged against him. Hornowski also claims that the IDHS, his black male supervisor in particular, gave him lower performance reviews than the supervisor gave to his co-workers, even though the quality of his work exceeded theirs. Hornowski alleges finally that the IDHS unreasonably denied him unpaid leave around July 2007 and again in October 2007 even though it granted leave to one of his co-workers for personal reasons. Hornowski took unpaid leave on both occasions anyway, recuperating from an injury during the first leave and caring for his seriously ill wife during the second.

On December 3, 2007, Hornowski's supervisor informed him that he was going to be discharged due to the unauthorized leaves of absence, as well as poor work performance. Hornowski appealed to his supervisor's supervisor, the local office administrator, who is a Hispanic female. She told him that it was in his interest to resign rather than have his employment terminated. Hornowski says that based on her statement, he resigned from the IDHS that day.

To bring a Title VII action in federal court, an individual must first file a charge with the Equal Employment Opportunity Commission (EEOC) and receive authorization to sue in the form of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). the *Id.* On January 16, 2008, Hornowski filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and Illinois Department of Human Rights. On April 3, 2009, Hornowski received a notice of right to sue. Thus, he had until July 3, 2009 to file a Title VII action in federal court.

On June 30, 2009, three days before the ninety-day period was to run out, Hornowski filed suit. The suit was entitled *Hornowski v. Ill. Dep't of Human Servs.*, Case No. 09 C 3952. It was initially assigned to another judge of this court. The same day he filed suit, Joseph A. Morris, Hornowski's attorney at the time, mailed a copy of the complaint and a request for waiver of service to the Secretary of the IDHS. Pl.'s Resp., Ex. F (Morris Affid.) ¶ 3. Following this, the docket reflects no activity in the case for an extended period by either counsel or the assigned judge (for example, no initial scheduling conference was ever set).

On October 29, 2010, the case was reassigned to the undersigned judge when the judge to whom it had originally been assigned retired. The Court noted the lack of docket activity—in particular the lack of any indication of service of summons—and for this reason, on November 1, 2010, ordered Hornowski to show cause in writing by November 9, 2010 why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to make timely service of summons, or for want of prosecution.

On November 17, 2010, the Court held a status hearing. Morris appeared at the hearing. As explanation for the absence of service, he offered only that the IDHS had never returned the waiver. Morris did not explain why, when the IDHS did not return the waiver, he had not attempted service of summons—which should have been relatively easy to accomplish—or had not sought an extension or taken any other action.

By orders entered on November 17 and 29, 2010, the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to make timely service of process.

On July 6, 2011, about fifteen months after Hornowski's receipt of the notice of

right to sue, the same lawyer filed another complaint on his behalf in this district, commencing the present action. *Hornowski v. Ill. Dep't of Human Servs.*, Case No. 11 C 4580. The IDHS contends that the current action is time-barred, entitling it to summary judgment. The IDHS also seeks summary judgment on the grounds that Hornowski has failed to establish a *prima facie* claim of "reverse" discrimination and has not shown that the reasons offered for IDHS's conduct are a pretext for discrimination.

## Discussion

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive a summary judgment motion; there must be evidence on which the jury could reasonably find in favor of the nonmoving party." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The IDHS's argument that Hornowski's action is time-barred is premised on two points. First, his July 6, 2011 filing occurred much more than ninety days after he received his right-to-sue letter. Hornowski, of course, does not dispute this. The IDHS's second point is that Hornowski's June 30, 2009 filing of the first lawsuit did not toll the ninety-day deadline, because that case was dismissed. In his response, Hornowski does not appear to argue that the dismissal of his previous case tolled his filing deadline until he refiled. In any event, the law is clear that the "filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII." *Velasco v. Ill. Dep't of Human Servs.*, 246 F.3d 1010, 1018 (7th Cir. 2001) (internal quotation

4

marks omitted).  "In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed."  *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

Hornowski argues that "[a] relevant inquiry is whether a 7-month time period between November 29th and July 6, 2011 . . . is reasonable if due [to] disability, irremediable lack of information or other circumstances beyond the Plaintiff's control [sic]."  Pl.'s Resp. at 4.  Hornowski mentions "challenges that he had with this prior counsel in this case" and says that both he and Morris have suffered from poor health in the last few years.  *Id*.  The Court understands this as an argument that Hornowski is entitled to equitable tolling of the ninety-day limitation period.

Courts have allowed equitable tolling in cases where the plaintiff has shown that he:  1) could not have known of the basis for his claim within the given time period, *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860-61(7th Cir. 2005); 2) committed a "good faith error" such as filing the complaint in the wrong court, *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (internal quotation marks omitted); 3) was "induced or tricked" into allowing the filing deadline to pass, *Irwin v. Veteran's Admin.*, 498 U.S. 89, 90 (1990); or 4) "has been prevented in some extraordinary way from filing his complaint in time."  *Threadgill,* 269 F.3d at 850.  Equitable tolling does not apply, however, " 'where the claimant failed to exercise due diligence in preserving his legal rights.'"  *Tyler v. Runyon*, 70 F.3d 458, 465, n.8 (7th Cir. 1995) (quoting *Irwin*, 498 U.S. at 96).

Hornowski has offered no evidence that would provide a basis for equitable tolling on any of the first three grounds.  The Court therefore limits its consideration to

5

whether he has offered evidence that would show a basis for equitable tolling on the fourth ground cited. There are cases in which medical treatment or a medical condition "that prevents a petitioner from communicating with or monitoring his attorney can constitute an extraordinary circumstance," thus allowing equitable tolling. *Obriecht v. Foster*, 727 F.3d 744, 749, n. 8 (7th Cir. 2013). Hornowski has offered no evidence, however, that his own medical condition affected him in this way. Nor has he offered any evidence that Morris's medical condition prevented the two of them from communicating.

Although not directly argued by Hornowski, the Supreme Court has held that attorney misconduct can serve as an extraordinary circumstance tolling a federal statute of limitations. In *Holland v. Florida*, 560 U.S. 631 (2010), the Court held that the one-year limitation period for filing a habeas corpus petition found in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. In *Holland*, the petitioner's attorney failed to research the filing deadline and file the petitioner's habeas corpus petition on time even after the petitioner sent him multiple letters identifying the applicable law and stressing the importance of filing on time. *Id.* at 652. Further, the attorney did not notify the petitioner that the state supreme court had decided his case; in fact he severed communication for a period of years despite the petitioner's pleas for a response. *Id.* The Court found that the "attorney's failure to satisfy professional standards of care" constituted "extraordinary circumstances" for the purposes of tolling. *Id.* at 649 (internal quotation marks removed). The Court distinguished the attorney's conduct from "a garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline," which "does not warrant equitable tolling." *Id.* at 651-52 (internal

quotation marks omitted).

The Seventh Circuit has considered *Holland* in relation to Title VII. In *Lee v. Cook Cnty.*, 635 F.3d 969 (7th Cir. 2011), as in this case, the plaintiffs' initial Title VII suit was dismissed without prejudice. They then exceeded the ninety-day filing deadline due to a delay in refiling the case. The court noted that plaintiffs' attorney "never said why he did not meet that deadline." *Id.* at 973. The court concluded that the delay constituted a failure by the attorney to "pursue his clients' rights diligently," not an extraordinary circumstance warranting tolling. *Id.* at 972. As the court explained, "[t]he remedy is not continued litigation against defendants, who are entitled to stand on their right to dismissal when the plaintiff does not file a timely suit; the remedy is a malpractice action against the lawyer whose negligence is responsible for the problem." *Id.* at 973.

Other Seventh Circuit cases have drawn a line between ordinary attorney negligence and the more unusual breach of professional ethics involved in *Holland*. In *Obriecht*, for example, the Court held that the petitioner's evidence did not support equitable tolling of the habeas corpus statute of limitations because the evidence indicated only that his attorney had given him bad advice about when the limitation period expired and that there had been a communication breakdown between them during the relevant time. The court considered this to be a "garden variety claim of ordinary negligence" that did not warrant equitable tolling. *Obriecht*, 727 F.3d at 749-50 (citing *Holland*, 560 U.S. at 651-52).

As with the plaintiffs' attorney in *Lee*, Hornowski has offered no evidence regarding why Morris failed to properly serve the IDHS in June 2009 or thereafter. . In

7

the affidavit from Morris that Hornowski submitted with his response brief, Morris says that he mailed the complaint and a request for waiver of service to IDHS in June 2009 and again in August 2010 (the latter occasion was after the Rule 4(m) time limit for service had expired). Pl.'s Resp., Ex. F (Morris Affid.) ¶¶ 3-4. Morris also says that he caused an employee of his office to deliver a copy of the complaint and a request for waiver to IDHS's Chicago office on November 3, 2010. *Id.* ¶ 5. This was two days after the Court had entered its order to show cause, and over a year after the Rule 4(m) time limit had run. But there is no explanation for *why* Morris acted (or failed to act) as he did, and nothing to take his conduct out of the realm of what the Seventh Circuit appears to consider as ordinary attorney negligence.

On the record before the Court, Hornowski has shown no more than that Morris was negligent in failing to get summons served in the first case and was ignorant that a dismissed case does not toll the statute of limitations. It does not appear that the Seventh Circuit considers this the sort of extraordinary circumstance that permits equitable tolling. As the Court has indicated, in *Obriecht*, the Seventh Circuit specifically noted that under *Holland*, an attorney's miscalculation about a filing deadline or unawareness of when the statute of limitations expires is "garden variety negligence" that does not warrant equitable tolling. *Obriecht*, 727 F.3d at 749 (citing *Holland*, 560 U.S. at 652).

In summary, Hornowski concedes that he filed this suit after the ninety-day limitation period had expired, and he has offered no evidence from which a reasonable fact finder could find that extraordinary circumstances prevented him from filing the suit on time. In addition, he does not qualify for equitable tolling of the limitation period on

any other ground. The Court concludes that Hornowski's claim is time-barred and therefore grants summary judgment in favor of the IDHS.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion for summary judgment [dkt. no. 70] and directs the Clerk to enter judgment in favor of defendant..

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 23, 2014